***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and oral arguments on appeal. The Full Commission modifies in part and affirms in part the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement as:
 STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and Employer-Defendant, and Montgomery Insurance Company was the servicing agent for Employer-Defendant.
3. The date of the alleged injury is March 15, 2001.
4. Plaintiff's average weekly wage is $220.50, yielding a compensation rate of $147.00.
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff began working for Employee-Defendant on November 22, 2000. At that time, plaintiff was hired as a server on the food line. Subsequent to her hiring, she was moved to the position of beverage server. As a beverage server, plaintiff's work duties consisted of scooping ice into a glass and filling it with a beverage for customers.
2. On March 15, 2001, plaintiff injured her back while attempting to lift an ice barrel to drain water out of it. She reported an injury that same day to Donald Patterson, the Cafeteria General Manager.
3. Plaintiff began medical treatment with Dr. Gary W. McKeel at Carolina Chiropractic Center on April 2, 2001. Following the initial visit, Dr. McKeel provided work restrictions which limited plaintiff to lifting no more than 25 pounds. Plaintiff continued to receive conservative treatment from Dr. McKeel until her last visit with him on May 8, 2001. Due to the plaintiff's lack of money and the fact that Defendant-Carrier denied this case and paid no medical bills, the plaintiff was unable to receive adequate medical treatment.
4. Plaintiff initially did not miss any time from work due to her injury. Defendant-employer accommodated plaintiff's 25-pound weight lifting restriction and allowed her to take extra breaks as needed. Plaintiff testified at hearing that by April "I got to hurting so bad I just couldn't keep going." Plaintiff's testimony is credible.
5. The plaintiff's husband credibly testified that the plaintiff was in severe pain following the March 15, 2001 injury, that she couldn't sleep, and that she could not do several household chores she was able to do before the injury.
6. Due to her physical inability to do the modified job following the March 15, 2001 injury, plaintiff quit her employment on May 8, 2001.
7. On February 26, 2002, plaintiff began being treated by Dr. Jeffrey J. Schmidt of Guilford Neurologic Associates. At that initial visit, Dr. Schmidt noted that x-rays of plaintiff's lower back did not appear to show significant degenerative changes or major disc space narrowing. An MRI of plaintiff's lumbar spine was obtained on March 1, 2002. On April 25, 2002, Dr. Schmidt noted that the MRI revealed a small disc protrusion posterolaterally to the left of L3-4 and centrally at L4-5. He also noted that there was no evidence of nerve root impingement or significant spinal stenosis. Accordingly, he assessed plaintiff with low back pain secondary to a lumbar strain injury sustained in a work-related accident in March of 2001. Dr. Schmidt noted that the causal link was based upon plaintiff's report of no prior back problems. Finally, Dr. Schmidt noted that given the benign results of plaintiff's lumbar spine MRI, he had little more to offer her in terms of diagnosis or treatment.
8. Plaintiff called the unemployment office but was told she could not receive benefits because she was unable to work.
9. No depositions of medical experts were taken in this case.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On March 15, 2001, the plaintiff sustained an injury by accident to her back as the direct result of a specific traumatic incident of her assigned job duties. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to the medical treatment provided as a result of the March 15, 2001 injury by accident as it was necessary to effect a cure, give relief and lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25.
3. The modified position given to plaintiff subsequent to her injury was a make-work position that is not readily available in the competitive marketplace. Peoples v. Cone Mills, 316 N.C. 426, 342 S.E.2d 798 (1986).
4. Because of plaintiff's disability due to the compensable injury by accident, plaintiff is entitled to temporary total disability compensation at the rate of $147.00 per week for the period after she ceased her employment with defendant-employer and continuing until she returns to work or further order of the Commission. N.C. Gen. Stat. §97-29.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. The defendants shall pay for all medical treatment provided to plaintiff as a result of her injury by accident of March 15, 2001. This includes but is not limited to the chiropractic treatment and the treatment rendered by physicians at Guilford Neurologic and Moses Cone Hospital.
2. The defendants shall pay temporary total disability compensation to plaintiff at the rate of $147.00 per week for the period after she ceased her employment with defendant-employer until she returns to work or further order of the Commission.
3. A reasonable attorney fee of twenty-five percent of the compensation due the plaintiff under paragraph 2 of this AWARD is approved for the plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due the plaintiff under paragraph 1 of this AWARD shall be deducted from that sum and paid directly to the plaintiff's counsel. Thereafter, plaintiff's counsel shall receive every fourth check.
4. The defendants shall pay the costs of this appeal.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSION